**Lynette SMITH Plaintiff**

**v.**

**Pete PALADINO, et al.   Defendants**

**No. CIV.01–6242.**

United States District Court,
W.D. Arkansas,
Hot Springs Division.

Jan. 9, 2004.

---

Mark Burnette, Reginald S. McCullough, Kandice A. Bell, Little Rock, AR, for Plaintiff.

Lynette Smith, Malvern, AR, Pro se.

Lori Freno, Sherri L. Robinson, Little, AR, for Defendants.

## MEMORANDUM OPINION & ORDER

DAWSON, District Judge.

Currently before the Court is Defendants' Motion for Summary Judgment (Doc. 51) and Plaintiff's Motion for Leave to File a Fourth Amended Complaint (Doc. 60). For the reasons stated below, Plaintiff's motion to amend is GRANTED IN PART AND DENIED IN PART and Defendants' motion for summary judgment is DENIED.

## I. BACKGROUND

The following facts are not disputed. In 1991, Plaintiff, an African–American woman, was hired as a nursing instructor in the Practical Nursing Department of Ouachita Technical College (hereinafter "the College"). In 1993, Plaintiff was appointed Chairperson of the Nursing Department. This position paid an administration stipend of $750 per semester in addition to Plaintiff's regular salary. In January 2000, Vice–President/Provost Susan Azbell notified Plaintiff that she was being relieved of her duties as Department Chair due to insubordination. The demotion had no impact on Plaintiff's position as an instructor or on her contracted salary.

Plaintiff instituted this action on December 27, 2001, against the College, the State of Arkansas, and the members of the College's Board of Trustees (hereinafter "the Board") in their official capacities. The Court construed Plaintiff's original complaint and two amended complaints as asserting claims of race and sex discrimination and retaliation under Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* On November 1, 2002, the Court issued a memorandum opinion and order, granting Defendants summary judgment on Plaintiff's Title VII claims and dismissing Plaintiff's complaint in its entirety. The Court noted that while Plaintiff made a passing reference to 42 U.S.C. § 1981 in her response to the motion for summary judgment, she had not properly asserted a Section 1981 claim; accordingly, the Court refused to consider such a claim.

On appeal, Plaintiff did not challenge the granting of summary judgment on her Title VII claims but rather challenged the Court's refusal to consider a Section 1981 claim. On August 28, 2003, the Eighth Circuit Court of Appeals issued an order reversing and remanding the case on this issue, concluding that "by the barest of margins, [Plaintiff] alleged a claim of racial discrimination under 42 U.S.C. § 1981 and . . . provided adequate notice of this claim to the district court and to the [Defendants.]" (Doc. 45 at 3.) In accordance with the Eighth Circuit's mandate, the Court entered an order on September 4, 2003, granting Plaintiff leave to file an amended complaint asserting a Section 1981 claim. (Doc. 46.)

On September 24, 2003, Plaintiff filed her Third Amended Complaint, naming the College and the Board members as Defendants in their official capacities. Plaintiff alleged that she was demoted from her position as Department Chair because of her race and "in retaliation for seeking redress of what she perceived to be racially discriminatory terms and conditions of her employment," in violation of Section 1981. Plaintiff sought damages for "mental and emotional injuries and loss of reputation," back-pay for loss of the chairmanship stipend, and reinstatement to the chairmanship position. (Doc. 48 at 2–3.)

Defendants have again moved for summary judgment. (Doc. 51.) Initially, Defendants point out that an action to enforce rights under Section 1981 against state actors, such as the College and the Board, may only be brought pursuant to 42 U.S.C. § 1983. Assuming that Plaintiff intended to bring suit under Section 1983, Defendants argue that the College and the Board members in their official capacities are entitled to sovereign immunity on Plaintiff's claim for damages. Defendants argue that Plaintiff's claim for equitable relief in the form of reinstatement must fail as she cannot establish that a "policy or custom" of Defendants resulted in the alleged racial discrimination and retaliation. Defendants also argue that Plaintiff should be barred by the equitable doctrine of laches from seeking reinstatement. (Doc. 52.)

In response, Plaintiff concedes that her complaint must be amended to survive the pending motion for summary judgment. Plaintiff seeks to file a Fourth Amended Complaint to assert violations of Section 1983 and to remove the College as a Defendant. Plaintiff also seeks to retract any claim for damages against the Board members in their official capacities and to seek only prospective equitable relief from the Board. Additionally, Plaintiff seeks to include a claim for equitable relief against Vice President/Provost Susan Azbell in her official capacity, as well as a claim for damages against Azbell in her individual capacity. (Docs. 60, 63.)

## II. DISCUSSION

### A. The College and the Board Members in their Official Capacities

Defendants do not object to Plaintiff's motion to amend to assert violations of Section 1983, to remove the College as a Defendant and to retract her claim for

damages against the Board members in their official capacities. Plaintiff's motion to amend is GRANTED to this extent and Defendants' motion for summary judgment on these claims is DENIED as moot.

■ In her proposed Fourth Amended Complaint, Plaintiff's only claim against the Board members would be in their official capacities for equitable relief in the form of reinstatement. Plaintiff asserted this claim in her Third Amended Complaint and Defendants addressed it in their motion for summary judgment. As reflected above, Defendants argue that this claim must fail as Plaintiff cannot establish that the racial and retaliatory animus she alleges motivated the demotion resulted from a "policy or custom" of the Board. In the proposed Fourth Amended Complaint, Plaintiff alleges, "Defendant Board of Trustees delegated official policy-making authority to Susan Azbell to remove department chairpersons." (Doc. 60 Attach. ¶ 7.) Defendants concede that "all department chairs report to Azbell, and Azbell has the authority to remove them." (Doc. 68 at 3.)

■ Plaintiff cannot seek reinstatement from Defendants unless she can prove that her demotion resulted from the execution of an "official policy" or from actions that were so pervasive that they constituted a "custom or usage." *Ware v. Jackson County, Mo.* 150 F.3d 873, 885 (8th Cir. 1998). Plaintiff's demotion can be said to have resulted from an "official policy" of Defendants if the Board delegated its final decision-making authority on the removal of department chairs to Azbell. *See id.* Defendants indicate Azbell had such authority and thus, Plaintiff may have a claim against the Defendants for reinstatement.

■ Defendants also argue that the doctrine of laches should be applied to bar Plaintiff's claim for reinstatement. Defendants assert that Plaintiff did not file a charge of discrimination with the Equal Employment Opportunity Commission until nearly a year after her demotion and did not file suit until nearly two years after her demotion. Defendants contend it would be inequitable to allow Plaintiff to seek reinstatement after this delay, as Defendants hired a replacement for Plaintiff in August 2000, with this individual relocating herself and family from Louisiana to Arkansas to take the position.

■ Whether an innocent employee would be displaced by Plaintiff's reinstatement is a factor to be considered in determining whether reinstatement would be an appropriate remedy should Plaintiff prevail in this action, but other factors must be considered as well. *See Baker v. John Morrell & Co.,* 263 F.Supp.2d 1161, 1171 (N.D.Iowa 2003). As the Fifth Circuit Court of Appeals has observed:

> If the existence of a replacement constituted a complete defense against reinstatement, then reinstatement could be effectively blocked in every case merely by hiring an innocent third party after the retaliatory [or discriminatory] purpose was achieved. Thus, the deterrent effect of the remedy of reinstatement would be rendered a nullity. *Reeves v. Claiborne County Bd. of Educ.,* 828 F.2d 1096, 1102 (5th Cir.1987).

The Court cannot say at this stage of the proceedings whether reinstatement would be an appropriate form of relief if Plaintiff should prevail. Accordingly, Defendants' motion for summary judgment on Plaintiff's claim for reinstatement is DENIED.

### B. Vice President/Provost Susan Azbell

In Plaintiff's motion to amend, she states that she needs "to name Susan Azbell in her personal capacity as a defendant for damages relief.... [A]s pointed out in Defendant's ... Motion for Sum-

mary Judgment, the [Board] cannot be held responsible for monetary damages. Susan Azbell, as the person in charge of making the discriminatory demotion, can be so held." (Doc. 61 at 2.) Plaintiff asserts that her claims against Azbell are not time-barred because they will relate back to the filing of her original complaint.

■ Under Rule 15(c) of the Federal Rules of Civil Procedure, an amendment of a pleading adding a party relates back to the date of the original pleading if, among other requirements, the party to be brought in by amendment "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Plaintiff's failure to include Azbell as a defendant when she instituted this action was not due to a mistake in identifying the proper defendant; rather, Plaintiff simply chose not to include Azbell in her suit. This was an instance not of mistaken identity but of mistaken legal judgment. While Plaintiff thought she could assert a claim for damages against the College and the Board, she now recognizes that those Defendants are immune from monetary relief and that a damages claim can only lie against Azbell in her individual capacity. This is not the type of "mistake" encompassed by Rule 15(c)'s relation-back provision. *See Shea v. Esensten,* 208 F.3d 712 (8th Cir.2000). Further, numerous courts have held that Rule 15(c) does not allow a plaintiff who sued a state entity in its official capacity to later add an individual-capacity claim. *See, e.g., Rendall–Speranza v. Nassim,* 107 F.3d 913, 919 (D.C.Cir.1997) (citing cases from Sixth and Eleventh Circuits). Accordingly, Plaintiff will not be permitted to amend her complaint to assert an individual-capacity claim for damages against Azbell.

Plaintiff also seeks to amend her complaint to include a claim for equitable relief against Azbell in her official capacity. This would be redundant to Plaintiff's claim for equitable relief against the Board and will not be permitted.

### III. CONCLUSION

Based on the foregoing, Defendants' motion for summary judgment (Doc. 51) is DENIED. Plaintiff's Motion for Leave to File a Fourth Amended Complaint (Doc. 60) to include Azbell as a defendant in her individual and official capacities is DENIED. Plaintiff's motion to amend is GRANTED to the extent that she will be permitted (1) to add Section 1983 as a basis for her action; (2) to remove the College as a Defendant; and (3) to retract her claim for damages against the Board members. Plaintiff shall have ten days from the date of this order in which to file a Fourth Amended Complaint. In the Fourth Amended Complaint, the only Defendants shall be the Board members in their official capacities and Plaintiff's only claims shall be for racial discrimination and retaliation under Sections 1981 and 1983, with Plaintiff's claim for relief limited to reinstatement.